# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN OTIS BURNSIDE,<br>　　Plaintiff,<br><br>　　　v.<br><br><br><br>UNITED STATES OF AMERICA,<br>　　Defendant. | Civil Action No. 18-251Erie<br><br>District Judge Baxter<br><br><br>Re: Motion to Dismiss or for Summary<br>Judgment [ECF No. 7] |

## MEMORANDUM OPINION

United States District Judge Susan Paradise Baxter[1]

**Relevant Procedural History**

This civil action was filed in this Court on August 28, 2018. Plaintiff, an inmate incarcerated at the Federal Correctional Institution at Loretto, brings this action against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671.

In his complaint, Plaintiff, acting *pro se*[2], claims that a punch biopsy procedure was done by an unknown "white male student" without Plaintiff's consent and while Plaintiff was legally intoxicated. This incident occurred while Plaintiff was incarcerated at the FCI-McKean. Plaintiff refers to his claim as one of "Technical Assault and Battery."

---

[1] When this case was initiated and originally assigned by the Clerk of Courts, the undersigned was a Magistrate Judge. However, on September 14, 2018, the undersigned was elevated to the position of United States District Judge and this case remained assigned to her.

[2] *Pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (internal citation omitted). Because Mr. Burnside is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

1

The United States, in response to the complaint, filed a motion to dismiss or in the alternative for summary judgment. ECF No. 7. As grounds for its motion, the United States posits three arguments: 1) the claim should be dismissed due to Plaintiff's failure to exhaust his administrative remedies prior to filing suit; 2) the claim should be dismissed because Plaintiff failed to file Certificates of Merit in support of his negligence claim; and 3) claim should be dismissed because there is no evidence that any employee of the United States was negligent in regard to Plaintiff's medical care.[3]

Plaintiff has filed a brief in opposition. ECF No. 14. These motions are fully briefed and are ripe for disposition by this Court.

**Standard of Review**

A motion to dismiss filed pursuant to Rule 12(b)(6) must be viewed in the light most favorable to the plaintiff and the complaint's well-pleaded allegations must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).[4]

---

[3] The arguments made by the United States for the dismissal of negligence claims are inapposite here. Plaintiff is very specific in his complaint that his claim is one of assault and battery and Plaintiff further clarifies the parameters of his claim as such in his opposition brief. Thus, the second and third bases for dismissal will not be addressed herein.

[4] A court need not accept inferences drawn by a plaintiff if they are unsupported by the facts set forth in the complaint. See California Pub. Emps'. Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 146 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McTernan v. City of York, Pa.,

2

The United States requests that this Court consider evidence outside of the pleadings in support of its motion to dismiss. Where a court receives and considers matters outside the pleadings in support of a motion to dismiss, the motion to dismiss should be converted into a motion for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). See Dorsey v. Pennsylvania Department of Corrections, 2016 WL 6124420, at *3 (M.D. Pa. 2016).

In such a situation, a district court must provide sufficient notice of the conversion to the non-moving party and allow that non-moving party, especially a *pro se* prisoner plaintiff, to submit materials to oppose summary judgment. Renchenski v. Williams, 622 F.3d 315, 340-341 (3d Cir. 2010). Here, this Court provided such a notice to Plaintiff. ECF No. 10. Accordingly, the motion to dismiss shall be treated as a motion for summary judgment.

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying

---

577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556 citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235–36 (3d ed. 2004). Although the United States Supreme Court ("Supreme Court") does "not require heightened pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

3

those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323, quoting Fed. R. Civ. P. 56.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Id. at 330; see also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metro. Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). After the moving party has satisfied this low burden, the nonmoving party must provide facts showing that there is a genuine issue for trial to avoid summary judgment. Id. at 324.

**The Exhaustion Requirement of the Federal Tort Claims Act**

The United States argues that it is entitled to dismissal of the claims against it based on Plaintiff's failure to exhaust administrative remedies prior to the filing of this action in accordance with the requirements of the FTCA. Plaintiff argues to the contrary.

The FTCA provides that as a prerequisite to filing any suit under the statute any claim must first be presented to the federal agency and finally denied by that agency. *See* 28 U.S.C. § 2675(a)[5]. Such administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992).

Here, Plaintiff presented his tort claim to the Bureau of Prisons on January 22, 2018. ECF No. 1-1, page 3. In his complaint signed on August 14, 2018[6], Plaintiff explains that the Bureau

---

[5] "An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury … unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

[6] The envelope attached to Plaintiff's complaint is post-marked August 16, 2018. *See* ECF No. 1-6, page 1.

4

of Prisons failed to make a final disposition of his tort claim within six months of its receipt and accordingly, Plaintiff is proceeding to Court under § 2675(a) as if his tort claim had been finally denied. While Plaintiff's tort claim was rejected by letter dated August 30, 2018, (after the filing of the instant action), the FTCA permits Plaintiff to proceed to court after the agency failed to act on his tort claim for six months. *See* 28 U.S.C. § 2675(a) ("… the failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section …"). Accordingly, summary judgment will be denied in this regard.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**JOHN OTIS BURNSIDE,** )
        **Plaintiff,** )
)
     **v.** )    Case No. 1:18-CV-251
)
)    Re: ECF No. 7
**UNITED STATES OF AMERICA,** )
        **Defendant.** )

# O R D E R

AND NOW, this 9th day of August, 2019;

IT IS HEREBY ORDERED that the motion to dismiss or for summary judgment filed by the United States [ECF No. 7] is denied.

                                                                   /s/ Susan Paradise Baxter

                                                                   SUSAN PARADISE BAXTER
                                                                   United States District Judge