IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN OTIS BURNSIDE**, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:18-cv-251 |
| v. ) | |
| ) | Re: Motion for Reconsideration |
| **UNITED STATES OF AMERICA**, ) | [ECF No. 49] |
| Defendant. ) | |

## MEMORANDUM ORDER

This civil action was closed on January 17, 2020, pursuant to a ruling that the Government was entitled to immunity for any tortious acts of the individuals named in the complaint under the Federal Tort Claims Act, 28 U.S.C. § 2671. Plaintiff filed this Motion for Reconsideration [ECF No. 49] on January 28, 2020, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. An opposition [ECF No. 52] was filed on February 7, 2020, and a Reply and Brief [ECF Nos. 53 and 54] were filed by Plaintiff on February 20, 2020.

In his complaint, Plaintiff, acting pro se[1], claims that on August 4, 2015, he was given an injection of 1% Lidocaine with Epinephrine ML2 in his inner right ankle and then a punch biopsy was performed on him by an unknown "white male student" and without his consent while he was incarcerated within the Bureau of Prisons. He also claims that any consent to the procedure recorded in his medical records is invalid as he was intoxicated on Naproxen at the

---

[1] Pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (internal citation omitted). Because Mr. Burnside is a pro se litigant, this Court will consider facts and make inferences where it is appropriate.

time. Plaintiff filed his Federal Tort Claims Act complaint on August 28, 2018, over three years after the alleged incident.

On January 17, 2020, the undersigned issued an order dismissing the case based on a ruling that the actors involved were immune from liability under the FTCA. Plaintiff filed his motion for reconsideration under Fed.R.Civ.P. 59(e) based upon a "clear error of fact," namely that the individuals involved were officers as that term is employed in the FTCA. Because it appears that the Court's ruling that they were not officers under the FTCA was in error, the Court will vacate its order and re-open the case.

As part of the review, Defendant moves for dismissal on the separate basis that the action is untimely under the Act. Defendant points to several places in Plaintiff's medical records where he acknowledges that he was aware he had a biopsy in August 2015, which, Defendant argues, is all the notice Plaintiff needed to file a timely action. Plaintiff responds that he was unaware of the cause of his injury prior to October 4, 2017, when he was presented with his long-sought medical records. Plaintiff also appears to be charging that his medical records were doctored in some instances, as he claims that Defendant is attempting to commit a fraud upon the Court.

Because these are issues beyond this Court's review under Fed.R.Civ.P. 59(e) and outside of the scope of a motion based solely on the pleadings, they will not be determined here. A telephonic status conference will be set for Monday, October 5, 2020 at 11:00 a.m. by separate docket entry, where further discovery and dispositive motions will be discussed.

Therefore, on this 24th day of September, 2020, upon consideration of Plaintiff's Motion for Reconsideration, its supporting materials, and the opposition thereto, it is

ORDERED that Plaintiff's motion [ECF No. 49] is GRANTED and the case is re-opened. It is

FURTHER ORDERED that the Memorandum Opinion and Order dated January 17, 2020 [ECF No. 46 and ECF. No. 47] be and is hereby VACATED.

*Susan Paradise Baxter*
United States District Judge