IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN OTIS BURNSIDE,**  Plaintiff, | )<br>)<br>) |
| | ) Civil Action No. 1:18-cv-251 |
| v. | )<br>)<br>) |
| | ) Re: Motion to Dismiss or for Summary |
| **UNITED STATES OF AMERICA,**  Defendant. | ) Judgment [ECF No. 19]<br>) |

**MEMORANDUM OPINION**

United States District Judge Susan Paradise Baxter

**Relevant Procedural History**

Plaintiff John Otis Burnside, formerly an inmate incarcerated within the Bureau of Prisons, sues the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671. In his complaint, Mr. Burnside, acting pro se[1], claims that a punch biopsy procedure in August 2015 was done by an unknown student without his consent and while he was intoxicated. This incident occurred while Mr. Burnside was incarcerated at the FCI-McKean. Plaintiff refers to his claim as one of "Technical Assault and Battery."[2]

The United States moved to dismiss or in the alternative for summary judgment. ECF No. 19. As grounds for its motion, the United States posited the single argument that the claim should

---

[1] Pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (internal citation omitted). Because Mr. Burnside is a pro se litigant, this Court will consider facts and make inferences where it is appropriate.

[2] Plaintiff is specific in his complaint that his claim is one of assault and battery, not negligence. *See* ECF No. 17.

1

be dismissed due to Burnside's failure to file a timely Administrative Tort claim. Plaintiff opposed the motion; the United States filed a reply brief raising a jurisdictional argument[3]; and Plaintiff responded with a sur-reply. Despite it being raised in a reply brief rather than in the Government's opening moving papers, this Court addressed the jurisdictional argument[4] and concluded that the Government was entitled to sovereign immunity thereby dismissing the case[5].

Thereafter, this Court granted a motion for reconsideration by Plaintiff on the sovereign immunity/jurisdictional issue and reopened this case. ECF No. 55. This Court laid out the arguments remaining in Defendant's revived dispositive motion:

1) Failure to file an administrative tort claim in a timely manner; and

2) Failure to file a Certificate of Merit in this case.

ECF No. 61. The parties were then allowed to supplement their prior filings. Only Defendant has done so.

**Standard of Review**

A motion to dismiss filed pursuant to Rule 12(b)(6) must be viewed in the light most favorable to the plaintiff and the complaint's well-pleaded allegations must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). A complaint must be dismissed pursuant to Rule

---

[3] The United States raised two arguments for the first time in its reply brief: 1) sovereign immunity and 2) failure to comply with Pennsylvania's certificate of merit requirement. ECF No. 35.

[4] A federal court is under a continuing obligation to assess its own subject matter jurisdiction. *See Peace Church Risk Retention Group v. Johnson Controls Fire Protection LP*, 49 F.4th 866, 869 (3d Cir. Sept. 20, 2022) citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 395 (3d Cir. 2004).

[5] The finding of sovereign immunity was based on the contention that none of the medical personnel were "officers of the United States" so as to constitute the waiver of sovereign immunity by the United States under the FTCA.

12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

The United States requests that this Court consider evidence outside of the pleadings in support of its motion to dismiss. Where a court receives and considers matters outside the pleadings in support of a motion to dismiss, the motion to dismiss should be converted into a motion for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). In such a situation, a district court must provide sufficient notice of the conversion to the non-moving party and allow that non-moving party, especially a *pro se* prisoner plaintiff, to submit materials to oppose summary judgment. *Renchenski v. Williams*, 622 F.3d 315, 340-341 (3d Cir. 2010). Here, this Court provided such a notice to Plaintiff. ECF No. 10. Accordingly, the motion to dismiss shall be treated as a motion for summary judgment.

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007). The burden then shifts to the non-

movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); *Williams v. Borough of W. Chester, Pa.*, 891 F.2d 458, 460-461 (3d Cir. 1989) (the non-movant must present affirmative evidence—more than a scintilla but less than a preponderance—which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. *Celotex*, 477 U.S. at 322. When considering a motion for summary judgment, the court cannot weigh the evidence or to make credibility determinations but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**The Exhaustion Requirement of the Federal Tort Claims Act**

In its revived motion, the United States argues that it is entitled to judgment based on Mr. Burnside's failure to file a timely administrative tort claim. ECF No. 19.

The United States government is generally immune from suit. *Pellegrino v. U.S. Transp. Sec. Admin., Div. of Dep't of Homeland Sec.*, 937 F.3d 164, 167 (3d Cir. 2019) (en banc). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 BU.S. 471, 475 (1994) (internal citation omitted). The FTCA provides that as a prerequisite to filing suit under the statute any claim must first be presented to the federal agency and finally decided by that agency. *See* 28 U.S.C. § 3675(a). The statute provides that an administrative claim must be submitted to the agency within two years of the time the claim accrues. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be

4

forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues…"). *See also Sconiers v. United States*, 896 F.3d 595, 598 (3d Cir. 2018) ("At issue in this case is whether the FTCA requires … that a claimant file *both* a claim with the federal agency within two years of the tort *and* a suit within six months of the agency's denial… We … hold that both conditions must be satisfied in order for a plaintiff to properly bring a claim under the FTCA.") (emphasis in original).

"Because the [FTCA] constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed." *Lassegue v. United States*, 2022 WL 3021030, at *4 (M.D. Pa. July 29, 2022) *quoting Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989). The Supreme Court has instructed that "we should not take it upon ourselves to extend the waiver beyond that which Congress intended." *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).

Here, the punch biopsy was conducted on August 4, 2015 and Mr. Burnside filed his administrative tort claim with the Bureau of Prisons on January 22, 2018[6]. So then, Mr. Burnside failed to submit his administrative claim within two years of the events of which he complains.

In order to save his case, Burnside argues that he did not know about the procedure until October 4, 2017 when he received his medical records from the Bureau of Prisons. In other words, Mr. Burnside contends that the two-year statute of limitations did not begin to run until October 4, 2017, thereby making his January 2018 administrative tort claim timely. Mr. Burnside is mistaken.

---

[6] Plaintiff filed the complaint in this action on August 14, 2018. ECF No. 1-1.

The time at which a claim accrues within the meaning of the FTCA is a matter of federal law. *Ciccarone v. United States*, 486 F.2d 253, 256 (3d Cir. 1973). A claim under the FTCA accrues when the claimant learns of the injury and its immediate cause. *Zelzenik v. United States*, 770 F.2d 20, 23 (3d Cir. 1985). The record evidence reflects that Mr. Burnside knew he had undergone a punch biopsy and that he consented to the procedure. *See* ECF No. 62-3, page 72. Even if Mr. Burnside was so intoxicated[7] as to be "totally oblivious as to what actually transpired"[8] during the procedure, the medical records demonstrate that he knew about the biopsy and his injury from it by August 28th when during a follow up visit he noted that an ulcer had developed. *Id.* at page 66. And again, he was evaluated for wound care of the ulcer on September 3rd. *Id* at page 65. On September 8th, the medical record says that the patient states that the ulcer on his lower right leg "occurred after a biopsy that he had done a few weeks ago." *Id.* at page 55. Furthermore, the record explains the reason for a request for a specialty consultation:

> "53 year old male with multiple ulcerations of the right lower leg. This started from his boots rubbing on his lower leg. He then had a punch biopsy done to diagnose the reason for his rash on his lower leg. It came back showing PVD (Peripheral Vascular Disease). **When he was called down to discuss the results 3 weeks after the biopsy he was discovered to have these ulcerations and they were infected.** He stated at the time that he thought this was normal healing so he did not come to medical."

*Id.* at page 60 (emphasis added).

At least as of August 28, 2015, he knew he had undergone a procedure and he knew he had sustained an injury therefrom. Accordingly, Mr. Burnside needed to have filed an administrative tort claim by August 28, 2017. He did not do so and therefore his claim is

---

[7] Plaintiff's contention that he was intoxicated from Naproxen strains credulity.

[8] ECF No. 32, page 3.

untimely. This untimely claim before the Bureau of Prisons deprives this Court of subject matter jurisdiction. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues…"). The Government's motion for summary judgment will be granted.

      An appropriate order follows.

Dated: November 3, 2022